UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ROSE M.,[1] | Case No. 3:15-cv-01737-AC |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is an unopposed Motion and Memorandum for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Section 406(b)") filed by plaintiff Rose M. ("Plaintiff"). Though

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Plaintiff is the claimant in this case, the real party in interest to this motion is her attorney, Merrill Schneider ("Schneider") of the law firm Schneider Kerr & Robichaux. The Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of the fees sought, the court concludes Schneider is entitled to fees under Section 406(b) in the amount of $6,658.

*Procedural Background*

Plaintiff filed her applications for disability and disability insurance benefits on September 7, 2011, and for supplemental security income benefits on February 1, 2012, initially alleging an onset date of May 1, 2003, then amending that date to August 17, 2011. Her applications were denied initially and on reconsideration. On October 15, 2013, an Administrative Law Judge ("ALJ") issued an opinion finding that Plaintiff was not disabled as of the amended onset date and, therefore, not entitled to benefits. The ALJ found Plaintiff: (1) suffered from severe impairments of chronic obstructive pulmonary disease, a history of posttraumatic stress disorder, anxiety, bipolar disorder with depression, personality disorder, and degenerative disc disease, but that those impairments did not meet or medically equal the severity of the listed impairments; (2) retained the residual functional capacity to perform limited, simple, repetitive, routine tasks requiring little interaction with the general public; (3) was unable to perform her past relevant work; and (4) was able to perform jobs such as hand packager, warehouse worker, and officer helper. That decision became the final decision of the Commissioner on July 17, 2015, when the Appeals Council denied Plaintiff's appeal.

Plaintiff sought review of the Commissioner's decision by filing a complaint in this court on September 11, 2015. Plaintiff alleged the ALJ erred by failing to include the one-to-two-step task
PAGE 2 - OPINION AND ORDER [AHS]

limitation found by disability determination services in her residual functional capacity determination.

On June 3, 2016, the parties filed a Stipulated Motion for Remand. The same day, the court entered an Order of Remand (the "Order") directing the ALJ to reevaluate the medical evidence and reassess Plaintiff's residual functional capacity. On April 16, 2018, the ALJ issued a fully favorable decision finding Plaintiff disabled, and she was awarded $46,992 in back benefit awards.

Plaintiff previously filed a Stipulated Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $1,742.34, which the court granted on September 6, 2016. On June 27, 2018, Plaintiff filed the instant petition for attorney fees under 42 U.S.C. § 406(b) in the amount of $6,658. The Commissioner does not oppose the motion.

*Legal Standard*

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2018). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, at *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (Mar. 17, 2010) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). A Section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Id.* Accordingly, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at

796.

*Discussion*

The parties do not dispute that Plaintiff is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Schneider Kerr & Robichaux requests as attorney fees. Nevertheless, because the Commissioner does not have a direct stake in the allocation of Plaintiff's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Schneider Kerr & Robichaux from receiving a potential windfall. *See Gisbrecht*, 535 U.S. at 798 n. 6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

I.  Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Plaintiff and Schneider Kerr & Robichaux executed a retainer agreement, which provided: "I will pay a fee of the lesser of 25% of any past due benefits or the applicable maximum amount . . . [which] is currently $6,000" if she were awarded benefits. (Pl.'s Mot. for Attorney Fees Pursuant to 42 U.S.C. §406(b), ECF No. 1, ("Motion"), Att. 1.) The terms of this agreement are within the statute's limits.

Next, the court confirms the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Plaintiff. Schneider provides a document from the Social Security Administration (the "Administration") entitled "Notice of Award" that details retroactive benefits due to Plaintiff in the amount of $46,992. (Motion, Att. 2.) Accordingly, Schneider Kerr & Robichaux may recover up to $ 11,748 in attorney fees for time expended before the district court, which represents twenty-five

percent of Plaintiff's past-due benefits.

Schneider Kerr & Robichaux seeks attorney fees of only $6,658, significantly less than the twenty-five percent cap contemplated by the fee agreement. Schneider contends the fee requested is appropriate because the combined fees recovered under both Sections 406(a) and 406(b) together would equal $ 11,748, exactly twenty-five percent of Plaintiff's back benefit award. (Motion, at 4, n. 2.) The Ninth Circuit, however, has held that § 406(b)'s twenty-five percent statutory cap applies only to fees awarded for representation before the district court; it does not limit the total fees that may be recovered under Sections 406(a) and 406(b). *Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008); *see, e.g., Pierce v. Berryhill,* No. 3:15-CV-00325-AC, 2018 WL 2376749, at *2 (D. Or. May 3, 2018), report and recommendation adopted sub nom. *Pierce v. Comm'r, Soc. Sec. Admin*., No. 3:15-CV-00325-AC, 2018 WL 2376556 (D. Or. May 23, 2018) (rejecting the interpretation that 406(b)'s twenty-five percent cap limits the total fees recoverable under Sections 406(a) and 406(b)). Therefore, the request for $6,658 under § 406(b) is well below the twenty-five percent cap.

Having determined the fee agreement and the amount requested are in accordance with the statutory limits, the court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II. Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Id.* at *12. If obtaining benefits always supported an award of fees in the maximum amount permitted by statute, the other *Gisbrecht* factors and trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id*. (quoting *Gisbrecht*, 535

U.S. at 808).  Here, Schneider Kerr & Robichaux seeks just under fifteen percent of the past due benefits, less than the twenty-five percent statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807.  Though the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected.  *Id*. at 793, 807.  The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel.  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808).

The four factors to be considered when evaluating a requested fee's reasonableness under *Gisbrecht* are:  (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and therefore raise the specter the attorney would receive an unwarranted windfall.  *Id.* at 1151–53 (citations omitted).  The risk inherent in contingency representation is also an appropriate factor to consider.  The Ninth Circuit instructs that "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case."  *Id*.  at 1153.

*A.      The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award.  *Id*. at 1151.  The record in this case, however, provides no basis for a such a reduction.  In fact, Schneider Kerr & Robichaux prevailed after filing its opening brief and earned a stipulated remand for consideration of the deficiency identified in the brief.

B.  *Results Achieved*

As a result of Schneider Kerr & Robichaux's representation, the Commissioner stipulated to and the court ultimately ordered that Plaintiff's claim be remanded. On remand, Plaintiff received a fully favorable decision. Thus, the results were wholly successful.

C.  *Undue Delay*

A court also may reduce a Section 406(b) award for delays in proceedings attributable to claimant's counsel. *Id*. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Plaintiff served the Commissioner promptly and filed her opening brief timely. Even with one extension request from the Commissioner, the action was resolved in less than a year, a shorter period than is typical. Accordingly, a reduction of the fee request is unwarranted under this factor.

D.  *Proportionality*

Finally, a district court may reduce a Section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Schneider filed a six-page opening brief, asserting just one error by the ALJ: failure to account for the one-to-two-step limitation in the residual functional capacity analysis. Plaintiff's counsel also participated in settlement negotiations with the Commissioner regarding the stipulated remand. (Motion, Att. 4; Declaration of Heather L. Griffith, ECF No. 16, ¶ 4.) The

stipulation and resulting Order addressed Plaintiff's argument, requiring the second ALJ to update and reevaluate the evidence and reassess Plaintiff's residual functional capacity on remand. Consequently, Plaintiff prevailed on the arguments asserted in her opening brief.

Plaintiff is entitled to $46,992 in retroactive Supplement Security Income benefits. Schneider reports, and the time records confirm, that Schneider Kerr & Robichaux expended 9.1 hours representing Plaintiff in this matter. This time expenditure is significantly lower even than the twenty-to-forty hour range Chief Judge Mosman has found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

By requesting $6,658 in fees, Schneider Kerr & Robichaux seeks an effective hourly rate of $731.65 for its representation of Plaintiff before this court. This hourly rate, though relatively high, is justified by the end result and the efficiency with which it was achieved, and is consistent with rates previously found reasonable in this circuit, particularly given that the fees sought are well below the 25% cap provided by law and the contingency fee agreement. *See Crawford*, 586 F.3d at 1146, 51 (affirming grant of fees amounting to over $900 per hour, where, among other factors, contingency fee allowed recovery of 25% of past due benefits and "counsel voluntarily reduced [their] fees substantially from the allowable 25% . . ."); *see also Harris v. Comm'r of Soc. Sec. Admin.*, No. 06–CV–1256–MA (D. Or. July 15, 2009) (effective hourly rate of $768.76/hour); *Wright v. Comm'r of Soc. Sec. Admin.*, No. 07–CV–47–ST (D. Or. Oct. 7, 2008) ($800.26/hour).

    E.    Risk

Schneider does not assert specific risks unique to this case, and the court identifies none. The the issue raised by Schneider on Plaintiff's behalf is a routine one in Social Security cases.

Schneider Kerr & Robichaux does not seek an adjustment to the requested fee based on risk factors, and the court concludes no such adjustment is warranted.

*Conclusion*

For the reasons stated, Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) (ECF No. 22) is GRANTED and Schneider Kerr & Robichaux is awarded $6,658 in attorney fees. In light of the EAJA fees previously awarded to the firm in the amount of $1,742.34, the amount due to Schneider Kerr & Robichaux from Plaintiff's retroactive benefits is $4,915.66.

DATED this 24th day of July, 2018.

                                          /s/ John V. Acosta
                                          JOHN V. ACOSTA
                                        United States Magistrate Judge